1

2

3          **UNITED STATES DISTRICT COURT**

4             **DISTRICT OF NEVADA**

5                    **\* \* \***

6   SHEREEN EICHOLTZ,

7                  Plaintiff,

8   v.                                                2:04-cv-00912-JCM-LRL

9   J.C. PENNEY CO., INC., *et al.*,                  **ORDER**

10                  Defendants.

11

12         Before the court is plaintiff's Motion to Compel Discovery (# 72), defendant J.C. Penney's

13   Opposition (# 82), and plaintiff's Reply (# 94).   Plaintiff asks this court to compel more complete

14   responses to her requests for document production and interrogatories.   J.C. Penney states that it only

15   recently became aware there was a discovery dispute, and that it has responded fully to each request,

16   except those requests to which it objected.

17         **I. Subsequent Remedial Measures/Policy and Practice**

18         One aspect of this dispute is the production of discovery relating to events that occurred after

19   the date of plaintiff's fall.   Federal Rule of Evidence 407 governs the admissibility of subsequent

20   remedial measures; it does not preclude discovery. *See Granberry v. Jet Blue Airways*, 228 F.R.D. 647,

21   651 n.4 (N.D. Cal. 2005).   Defendants have produced the incident reports contained in Britting's binder

22   that pre-date the incident here at issue.   Evidence of substantially similar prior accidents is relevant to

23   the issue of notice of a dangerous condition and disregard for a dangerous condition.   Moreover,

24   whether defendants had a policy and practice of failing to inspect, control, or clean the area may be

25   relevant to the wilfulness of defendants' conduct.   Accidents post-dating the incident are discoverable

26   because they may show changes in J.C. Penney's inspection or safety policies which might have been

feasible prior to July 26, 2003.

This does not mean, however, that plaintiff is entitled to all the discovery she seeks. A court can limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

After weighing the likely burden or expense of the proposed discovery and its likely benefit, the court will require defendant J.C. Penney to respond to Request to Produce Nos. 2 and 5 for one year prior and one year subsequent to July 26, 2003, to the extent they have not already done so. As for Request No. 5, J.C. Penney will provide to plaintiff all responsive records the J.C. Penney Home Store located at 771 S. Rainbow Blvd., Las Vegas, NV maintains. If cleaning charts and maintenance records are not available for the time period indicated, J.C. Penney will provide plaintiff with an example of the template for such records or charts. J.C. Penney will also be required to answer Interrogatory Nos. 6, 7, and 8, with the exception of the whereabouts of persons hired by Johnson Controls, Inc. or Ultimate Services, Inc. Which inquiry is more appropriately addressed to those defendants.

**II.  Privilege Log**

J.C. Penney's objections based upon privilege are not well taken. The party asserting a privilege has the burden of making a *prima facie* showing that the information being withheld is indeed privileged. *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 698 (D. Nev. 1994). "[G]eneralized, self-serving, conclusory assertion[s] of protection or privilege [are] without merit." *Id.* Generally, when a party withholds documents on the basis of privilege, it must provide detailed privilege logs in order to allow an informed evaluation of the claim by the requesting party. *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev 1993). A failure to comply with privilege log requirements will result in a finding that discovery opponents have failed to meet their burden of establishing the applicability of the privilege. *See Allendale Mutual Ins. Co. v. Bull Data System, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992). The court will require J.C. Penney to supplement its objections

based on privilege with an appropriate privilege log.  Otherwise, J.C. Penney will produce the disputed documents.

### III.  No Documents are Known to Exist

Defendants assert that they are not aware of any further items responsive to Request Nos. 3 and 4.  Relevance within the meaning of Fed. R. Civ. P. 26(b)(1) is considerably broader than relevance for trial purposes.  For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence.  *See Oppenhemier Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); Fed. R. Civ. P. 26(b)(1).  Because the existence of such items is a point of contention between the parties, J.C. Penney will be required to clarify whether the requested items ever existed; if so, why they cannot now be located; or whether they do not exist, and if so, how it knows they don't exist.

### IV.  Request No. 6

This request is distinguishable from Request No. 5 in that it asks for documentation concerning renovation of the subject store.  Renovation and daily maintenance are two different things.  The court finds it difficult to believe that the J.C. Penney Corporation has no records of whether the store in question was ever renovated.  Consequently, to the extent they exist, J.C. Penney will produce responsive items to this request.

### V.  Interrogatory Nos. 1 and 2

J.C. Penney objects on the basis that no one other than Eicholtz and Britting have personal knowledge of the facts related to the incident.  However, the interrogatories ask for the persons most knowledgeable regarding the investigation and events following the incident.  Certainly individuals other than Tomas Britting participated in the investigation at the store and insurance company.  J.C. Penney will be required to respond to these interrogatories.

### VI.  Interrogatory Nos. 13 and 14

J.C. Penney claims that because plaintiff should be able to glean the requested information through the discovery process they are not obligated to answer.  This assertion is befuddling.  J.C.

Penney will be required to answer both interrogatories.

### VII.  Interrogatory Nos. 4, 9, 11, and 12

Interrogatory Nos. 4, 9, 11, and 12 are duplicative, given the court's finding regarding the Requests to Produce.

### VIII.  Fees, Expenses, and Sanctions

Plaintiffs believe they should be awarded attorney's fees and expenses pursuant to Fed. R. Civ. P. 37(a)(4).  Plaintiffs contend they made a good faith effort to obtain the discovery without court action.  Defendant contends they had substantial reason for objecting to plaintiff's requests.  Further, J.C. Penney maintains that it was not aware of any deficiency in their discovery responses until March 20, 2006, with the exception of Interrogatory No. 8.

A court must impose attorney's fees and expenses when it compels discovery unless the opposing party was substantially justified in resisting discovery.  Fed. R. Civ. P. 37(a)(4)(A). Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1998).

J.C. Penney had an ongoing duty to supplement its responses after it first responded to the plaintiff's written discovery requests.  Fed. R. Civ. P. 26(e).  Plaintiff waited eight months, however, to tell J.C. Penney she believed the responses were insufficient, and longer to file the Motion to Compel. For this reason, the court does not find that sanctions against J.C. Penney for the fees and costs incurred in the making of this motion are warranted.  However, the court will reopen discovery for the limited purpose of deposing the knowledgeable persons of whom the plaintiff was unaware during the discovery period.

Accordingly, and for good cause shown,

IT IS ORDERED that the Plaintiff's Motion to Compel Responses to Plaintiff's Written Discovery (# 72) is GRANTED to the following extent:

1.  J.C. Penney shall produce documents responsive to Request for Production of Documents Nos. 2, 3, 4, 5, 6 and 10, to the extent ordered *supra,* not later than <u>September 6, 2006</u>.

4

2. J.C. Penney shall answer Interrogatory Nos. 1, 2, 6, 7, 8, 13 and 14, to the extent ordered *supra,* not later than September 6, 2006.

IT IS FURTHER ORDERED that discovery shall be reopened until October 6, 2006 for the limited purpose of deposing the knowledgeable  persons of whom plaintiff was unaware during the discovery period.

DATED this 25th day of August 2006.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**